**NOT FOR PUBLICATION**

```
            UNITED STATES DISTRICT COURT
               DISTRICT OF NEW JERSEY
                  CAMDEN VICINAGE
```

| | | |
|---|---|---|
| DOMINIC BOVIO, | : | CIV. ACTION NO. 16-1291 (RMB) |
| Plaintiff, | : | |
| v. | : | OPINION |
| OFFICER G.T.P.D. | : | |
| EDWARD O-LANO, et al., | : | |
| Defendants. | : | |

**RENÉE MARIE BUMB**, U.S. District Judge

This matter comes before the Court upon Plaintiff's filing of a prisoner civil rights complaint. (Compl., ECF No. 1.) Plaintiff is a prisoner confined in the Federal Correctional Institution in Northern State Prison, in Newark, New Jersey. (Id., ECF No. 1 at 2.) He brings this civil action seeking monetary damages arising out of his January 2011 arrest, his intake in Camden County Jail, and his subsequent suicide attempt. (Id., ¶6.) Plaintiff acknowledges the untimeliness of his complaint and relies on the continuing violations doctrine. (Id., ECF No. 1 at 13.)

Plaintiff seeks to proceed in forma pauperis pursuant to 28 U.S.C. §§ 1915(a) and 1915(A). The Court has reviewed Plaintiff's IFP application (ECF No. 1-3), and it establishes Plaintiff's

1

inability to pay the filing fee. Plaintiff's IFP application will be granted; and prison officials will begin to deduct installment payments for the filing fee from Plaintiff's trust account, as required by 28 U.S.C. § 1915(b)(1).

The Court now reviews Plaintiff's Complaint, pursuant to 28 U.S.C. § 1915(e)(2)(b) and § 1915A. The Court must dismiss any claims that are: (1) frivolous or malicious; (2) fail to state a claim on which relief may be granted; or (3) seek monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A.

II. DISCUSSION

    A.   The Complaint

Plaintiff sued his arresting officers, an "outside psychiatric screener," and the Camden County Corrections Officers and medical staff whom he encountered upon his admission and processing into the jail in January 2011. (Compl., ECF No. 1, ¶6.) Plaintiff alleged Defendants were deliberately indifferent to his obvious need for psychiatric hospitalization, and he was seriously injured when he attempted suicide by jumping off the second tier at Camden County Correctional Facility. (Id.) He also alleged Defendants were negligent in treating his mental health. (Id.)

    B.   Standard of Review

A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (quoting Twombly, 550 U.S. at 556.)

"[A] court must accept as true all of the allegations contained in a complaint." Id. A court need not accept legal conclusions as true. Id. Legal conclusions, together with threadbare recitals of the elements of a cause of action, do not suffice to state a claim. Id. Thus, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Id. at 679. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Id. If a complaint can be remedied by an amendment, a district court may not dismiss the complaint with prejudice, but must permit the

amendment. Grayson v. Mayview State Hospital, 293 F.3d 103, 108 (3d Cir. 2002).

    C.    Statute of Limitations on § 1983 Claims

Plaintiff alleged violation of the Eighth and Fourteenth Amendments by police officers and county correctional facility employees. "[A] district court may sua sponte dismiss a claim as time-barred under 28 U.S.C. § 1915(A)(b)(1) where it is apparent from the complaint that the applicable limitations period has run." Hunterson v. Disabato, 244 F. App'x 455, 457 (3d Cir. 2007). Where the cause of action occurred in New Jersey, there is a two-year statute of limitations for personal injury claims brought under 42 U.S.C. § 1983. O'Connor v. City of Newark, 440 F.3d 125, 126-27 (3d Cir. 2006). Medical malpractice claims in New Jersey have a two-year statute of limitations. N.J.S.A. 2A:14-2.

Federal law governs when a § 1983 claim accrues for statute of limitations purposes. Dique v. New Jersey State Police, 603 F.3d 181, 185 (3d Cir. 2010). The § 1983 claim accrues "when the wrongful act of omission results in damages." Id. at 185-86 (quoting Wallace v. Kato, 549 U.S. 384, 391 (2007)). State law, however, governs whether a limitations period should be tolled. Id. at 185 (citing Wilson v. Garcia, 471 U.S. 261, 269 (1985) superseded by statute on other

grounds, 28 U.S.C. § 1658(a); Ammlung v. City of Chester, 494 F.2d 811, 815 (3d Cir. 1974.)

The continuing violations doctrine tolls the statute of limitations "'when a defendant's conduct is part of a continuing practice,' if the 'last act evidencing the continuing practice falls within the limitations period' the otherwise time-barred earlier acts may be considered. Cowell v. Palmer Tp., 263 F.3d 286, 292 (3d Cir. 2001) (quoting Brenner v. Local 514, United Bhd. of Carpenters and Joiners of Am., 927 F.2d 1283, 1295 (3d Cir. 1991.) The doctrine applies when a plaintiff establishes that the defendant's conduct is "'more than the occurrence of isolated or sporadic acts.'" Id. at 292 (quoting West v. Philadelphia Elec. Co., 45 F.3d 744, 755 (3d Cir. 1995) superseded in part by statute, Lilly Ledbetter Fair Pay Act, Pub.L. No. 111-2, 123 Stat. 5 (2009)).

In determining whether the plaintiff has made the required showing for application of the continuing violations doctrine, courts consider at least three factors:

> (1) subject matter—whether the violations constitute the same type of [harm], tending to connect them in a continuing violation; (2) frequency—whether the acts are recurring or more in the nature of isolated incidents; and (3) degree of permanence—whether the act had a degree of permanence which should trigger the plaintiff's awareness of and duty to assert his/her rights and whether the consequences of

5

>           the act would continue even in the absence of
>           a continuing intent to [harm].

Cowell, 263 F.3d at 292. The degree of permanence is the most important factor. Id. (citing Berry v. Bd. of Supervisors of Louisiana State Univ., 715 F.2d 971, 981 (5th Cir. 1983)).

Plaintiff filed this action in March 2016. Therefore, his claims that Defendants were deliberately indifferent to his need for mental health treatment in January 2011 are untimely unless the statute of limitations is equitably tolled. Although Plaintiff raised the continuing violations doctrine, he did not allege any specific continuing acts on the part of any defendant. Instead, he asserted:

>           I am still experiencing medical difficulty and
>           suffering as to the continence [sic] of
>           violations doctrine. As well as been limited if
>           at all to file this claim due to interference
>           of my due process rights from several
>           psychiatric commitments, as well as my
>           incarceration. As well as being misinformed of
>           my rights and/or suffering severely from
>           depression, suicidal ideations, and addiction.

(Compl., ECF No. 1 at 12.)

Plaintiff does not establish in the Complaint that the Defendants' conduct is more than isolated or sporadic acts. Furthermore, Plaintiff does not allege sufficient facts for the Court to determine whether he might be entitled to equitable tolling of the statute of limitations. See Brown v. Buck, 614 F. App'x 590, 592 (3d Cir. 2015) ("Equitable tolling is extraordinary relief, and is

6

appropriate only when: (1) a defendant actively misleads a plaintiff regarding his or her cause of action; (2) a plaintiff has been prevented from asserting a claim as a result of other extraordinary circumstances; or (3) a plaintiff has timely asserted his or her claim in the wrong forum.") Therefore, the Court will dismiss the Complaint without prejudice as barred by the statute of limitations. Plaintiff may seek to reopen this matter by filing an Amended Complaint, explaining in further detail how Plaintiff was prevented from filing within the two-year statute of limitations.

III. CONCLUSION

For the reasons discussed above, in the accompanying Order filed herewith, the Court will dismiss the Complaint without prejudice.

s/Renée Marie Bumb
**RENÉE MARIE BUMB**
**UNITED STATES DISTRICT JUDGE**

**DATED: MARCH 22, 2016**