**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | | |
|---|---|---|
| Dominic Bovio, | : | **CIV. NO. 16-1291 (RMB)** |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | **OPINION** |
| | : | |
| Edward O'Lano, *et al.*, | : | |
| | : | |
| Defendants. | : | |

**RENÉE MARIE BUMB**, U.S. District Judge

This matter comes before the Court upon Plaintiff's submission of an Amended Complaint (ECF No. 8) in response to this Court's Opinion and Order (ECF Nos. 2, 3), dismissing without prejudice Plaintiff's civil rights complaint as barred by the statute of limitations. The Court has granted Plaintiff <u>in forma pauperis</u> status.

I.   SCREENING PURSUANT TO 28 U.S.C. § 1915(e)(2)(b) and § 1915A

The Court is required to review a prisoner's civil rights complaint under 28 U.S.C. § 1915(e)(2)(b) and § 1915A. The Court must dismiss any claims that are: (1) frivolous or malicious; (2) fail to state a claim on which relief may be granted; or (3) seek monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A. "[A] district court

1

may sua sponte dismiss a claim as time-barred under 28 U.S.C. § 1915A(b)(1) where it is apparent from the complaint that the applicable limitations period has run." Hunterson v. Disabato, 244 F. App'x 455, 457 (3d Cir. 2007).

II.  DISCUSSION

    A.  The Amended Complaint

Plaintiff alleges that each of the defendants was negligent and deliberately indifferent to his risk of suicide, and of his need to be transported to a hospital for treatment rather than taken to Camden County Jail upon his arrest on January 26, 2011. Plaintiff alleges he has a long history of mental illness and substance abuse. At the time of Plaintiff's arrest on January 26, 2011, he told the arresting officer, Edward O'Lano, that he needed medical and mental health treatment, and that he was suicidal and had been so for quite some time. He had not slept for more than seven days because he was using cocaine and heroin and ingesting alprazolam and clonazepam. Plaintiff advised O'Lano that he had been discharged from Trenton Psychiatric Hospital earlier that month. Plaintiff also alleged it should have been apparent to O'Lano by Plaintiff's appearance and behavior that he required treatment. O'Lano and the other arresting officers used excessive force in arresting Plaintiff, which they

2

justified by saying Plaintiff resisted arrest.[1] They transported Plaintiff to Gloucester Township Police Department.

At the Gloucester Township Police Department, O'Lano told his supervisor, Donald Gansky, about Plaintiff's behavior. Plaintiff was searched at the police department, and his hostile reaction should have created a "mental health concern." Plaintiff was hysterical, crying and screaming, and he began spitting and acting aggressively. He was put in a restraint chair, and a spit mask was placed on his face.

Jane Doe #1, a representative from an outside mental health crisis agency was called in to Gloucester Police Department to evaluate Plaintiff. Jane Doe #1 cleared Plaintiff for incarceration, telling him he was only afraid of going to jail. She did not look into his prior mental health history, several prior suicide attempts, and his most recent hospitalization, as Plaintiff requested.

---

[1] It is not clear from the Complaint that Plaintiff intends to bring an excessive force claim against O'Lano. Even if the Court were to assume that Plaintiff intended to raise an excessive force claim, Plaintiff has not alleged sufficient facts to state a claim because he has not described the force O'Lano used in arresting him. See Rivas v. City of Passaic, 365 F.3d 181, 198 (an excessive force claim by a police officer in the context of an arrest arises under the Fourth Amendment, and the evaluation involves "whether the police officer's "actions [were] 'objectively reasonable' in light of the facts and circumstances" facing the officer, regardless of the officer's intent or motivation." (quoting Graham v. Connor, 490 U.S. 386, 397 (1989)).

John Does #1 and #2, from the Camden County Sheriff's Department, arrived to transport Plaintiff to Camden County Jail. Plaintiff told them he felt sick and suicidal. O'Lano warned them about Plaintiff's behavior, but Plaintiff made it clear he would not be a problem. Plaintiff began banging his head in the transport van. Plaintiff alleges John Does #1 and #2 were deliberately indifferent by not taking him to a hospital instead of jail.

Jane Doe #2 was the intake officer at Camden County Jail, and Jane Doe #3 was the nurse admissions officer. Plaintiff told them he was suicidal, mentally ill, and had been awake for days. They asked him if he knew the date, knew where he was, and knew who the president was. The admissions officer told a nurse, Jane Doe #4, that there was nothing wrong with him. Plaintiff was admitted to 3 South A, known as 7-day lockdown.

Days later, Plaintiff saw John Doe #3, a physician who screened Plaintiff for placement in the population. Plaintiff told John Doe #3 that he had not eaten in a week, he had suicidal ideations, and he felt he needed a psychiatric commitment. John Doe #3 asked Plaintiff whether he told the admissions officers about his condition. When Plaintiff said he had, John Doe #3 replied that they would have provided mental health treatment upon admission, if they thought it was needed.

On the day of Plaintiff's suicide attempt, he told the medication nurse, Jane Doe #4, and the housing officer, John Doe #4, that if he did not get proper medical treatment, his only resort would be suicide. He was crying and very serious. The same day, Plaintiff attempted suicide by diving off the second tier and falling 27 to 30 feet below. He suffered a shattered pelvis, ruptured spleen, and broken elbow and was taken to Cooper Trauma Center. Plaintiff alleges negligence and constitutional violations against each defendant.

B.   Equitable Tolling

Plaintiff contends his claims under 42 U.S.C. § 1983 and state tort law should be equitably tolled because he was not mentally competent to raise his claims sooner. (Am. Compl., ECF No. 8 at 13.) Upon his suicide attempt in Camden County Jail in January 2011, Plaintiff was taken to Cooper Trauma Center to be treated for his injuries. From there, he was admitted to the mental health unit at JFK Hospital, and transferred to Ancora Psychiatric Hospital in May 2012. From Ancora, he was released to the care of Twin Oaks Behavioral Health.

Plaintiff made another suicide attempt in June 2013. He was placed on life support at Our Lady of Lourdes Hospital. Then, he was admitted to the mental health unit at Virtua Hospital in Mount Holly, New Jersey. He was later transferred to the psychiatric unit in

5

Hampton Hospital. From August 2013 through September 1, 2013, Plaintiff was admitted to Ancora Psychiatric Hospital. Plaintiff was released for 90 days, but in December 2013, he was admitted to Trenton Psychiatric Hospital. Plaintiff was in a psychiatric unit twice since 2014, and he had three surgeries since June 2015. He filed this action on March 4, 2016.

A § 1983 claim is governed by the applicable state's statute of limitations for personal-injury claims, which in New Jersey is two years. Dique v. New Jersey State Police, 603 F.3d 181, 185 (3d Cir. 2010)(citing Cito v. Bridgewater Twp. Police Dep't, 892 F.2d 23, 25 (3d Cir. 1989); N.J. Stat. Ann. § 2A:14-2 West 2004)). State law, unless inconsistent with federal law, governs whether the limitations period should be tolled. Id. (citing Wilson v. Garcia, 471 U.S. 261, 269 (1985), superseded by statute on other grounds, 28 U.S.C. § 1658(a); Ammlung v. City of Chester, 494 F.2d 811, 815 (3d Cir. 1974)).

The New Jersey statute of limitations is subject to tolling due to the insanity of the potential plaintiff. Nicolas v. Ocean Plaza Condominium Ass'n, Inc., 73 F. App'x 537, 541 (3d Cir. 2003)(quoting N.J.S.A. 2A:14-21)("a person who has a mental disability that prevents the person from understanding his legal rights or commencing a legal action at the time the cause of action . . . accrues, the

person may commence the action . . . after . . . having the mental capacity to pursue the person's lawful rights.)) To fall within the statute, "'a plaintiff need not suffer from a mental illness that requires commitment or institutionalization ... Nonetheless, the plaintiff must suffer from 'such a condition of mental derangement as actually prevents the sufferer from understanding his legal rights or instituting legal action.'" Id. at 541 (quoting Todish v. CIGNA Corp., 206 F.3d 303, 305-306 (3d Cir. 2000) (citations omitted)). Expert testimony is not required. Id.

Plaintiff has not set forth sufficient facts in support of equitable tolling. The Court takes judicial notice of the information regarding Plaintiff's custody status from the New Jersey Department of Corrections Offender Search.[2] Plaintiff committed an offense on October 11, 2013 in Gloucester County. This falls within the 90-day period in which Plaintiff contends he was released from Ancora Psychiatric Hospital. On September 12, 2014, Plaintiff was sentenced apparently for the charges upon which he was arrested in 2011. Id. On the day of sentencing, Plaintiff was admitted to Northern State Prison. Id. Plaintiff was sentenced for the October 11, 2013 offense on October 20, 2014.

---

[2] Available at https://www20.state.nj.us/DOC_Inmate/inmatesearch

It appears that Plaintiff regained the mental capacity to understand his legal rights and pursue legal action well before he instituted this action on March 4, 2016. Therefore, the Court will dismiss this action without prejudice as barred by the statute of limitations. Plaintiff may reopen this action if he can plead additional facts showing he did not regain the mental capacity to understand his legal rights and take legal action before March 4, 2016.

III. CONCLUSION

For the reasons discussed above, in the accompanying Order filed herewith, the Court will dismiss the Amended Complaint without prejudice, as barred by the statute of limitations.

Dated: September 12, 2016.

                                            s/RENÉE MARIE BUMB
                                            **RENÉE MARIE BUMB**
                                            **UNITED STATES DISTRICT JUDGE**