**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | | |
|---|---|---|
| Dominic Bovio, | : | **CIV. NO. 16-1291 (RMB)** |
| Plaintiff, | : | |
| v. | : | **OPINION** |
| Edward O'Lano, *et al.*, | : | |
| Defendants. | : | |

**RENÉE MARIE BUMB**, U.S. District Judge

This matter comes before the Court upon Plaintiff's submission of a second amended complaint. (Second Am. Compl., ECF No. 16.)[1] On September 12, 2016, this Court dismissed without prejudice Plaintiff's amended civil rights complaint because, on the face of the complaint, it was barred by the statute of limitations. (Opinion, ECF No. 10.) In dismissing the amended complaint without prejudice, this Court found Plaintiff had not

---

[1] On July 24, 2017, Plaintiff submitted a letter to this Court, notifying that he received permission to file a late notice of claim in New Jersey in an unrelated matter. Plaintiff should be aware that his tort claim is not part of this action, and joinder of the claim in this action would not be permitted under Federal Rule of Civil Procedure 20 because his tort claim does not arise out of the same transaction, occurrence, or series of transactions or occurrences as the claims in this action. A state tort claim usually should be brought in state court.

1

set forth sufficient facts in support of tolling the statute of limitations because there were unexplained gaps in time for which there was no evidence that Plaintiff lacked the mental capacity to understand his legal rights. (Id. at 5-8.)

I. SCREENING PURSUANT TO 28 U.S.C. § 1915(e)(2)(b) and § 1915A

The Court is required to review a prisoner's civil rights complaint under 28 U.S.C. § 1915(e)(2)(b) when the prisoner proceeds *in forma pauperis*, and under 28 U.S.C. § 1915A(a), when the prisoner "seeks redress from a governmental entity or officer or employee of a governmental entity." The Court must dismiss any claims that are: (1) frivolous or malicious; (2) fail to state a claim on which relief may be granted; or (3) seek monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A. "[A] district court may *sua sponte* dismiss a claim as time-barred under 28 U.S.C. § 1915A(b)(1) where it is apparent from the complaint that the applicable limitations period has run." Hunterson v. Disabato, 244 F. App'x 455, 457 (3d Cir. 2007).

II. DISCUSSION

A. Statute of Limitations and Tolling Principles

A § 1983 claim is governed by the applicable state's statute of limitations for personal-injury claims, which in New Jersey is

two years. Dique v. New Jersey State Police, 603 F.3d 181, 185 (3d Cir. 2010) (citing Cito v. Bridgewater Twp. Police Dep't, 892 F.2d 23, 25 (3d Cir. 1989); N.J. Stat. Ann. § 2A:14-2 West 2004)). Federal law governs when the claim accrues. Kach v. Hose, 589 F.3d 626, 634 (3d Cir. 2009). Under federal law, a cause of action accrues "when the plaintiff knew or should have known of the injury upon which its action is based." Id. (quoting Sameric Corp. v. City of Philadelphia, 142 F.3d 582, 599 (3d Cir. 1998)). Determining when the claim accrues is an objective inquiry of what a reasonable person should have known. Id. at 634 (citing Barren v. United States, 839 F.2d 987, 990 (3d Cir. 1988)). Thus, a claim usually accrues at the time the plaintiff suffers an injury. Id. (citing United States v. Kubrick, 444 U.S. 111, 120 (1979)). Because the inquiry is of an objective "reasonable person," a plaintiff's mental competence is generally not relevant. See Miller v. Philadelphia Geriatric Center, 463 F.3d 266, 274 (3d Cir. 2006) (where a plaintiff's mental incapacity predated the government's negligence, and the government's negligence did not cause the plaintiff's total mental incapacity, the objective reasonable person standard applied to accrual of statute of limitations without consideration of the plaintiff's mental capacity.)

State law, unless inconsistent with federal law, governs when the limitations period should be tolled. Id. (citing Wilson v. Garcia, 471 U.S. 261, 269 (1985), superseded by statute on other grounds, 28 U.S.C. § 1658(a); Ammlung v. City of Chester, 494 F.2d 811, 815 (3d Cir. 1974)). The New Jersey statute of limitations for personal injury actions is subject to tolling due to the insanity of the potential plaintiff. Nicolas v. Ocean Plaza Condominium Ass'n, Inc., 73 F. App'x 537, 541 (3d Cir. 2003) (quoting N.J.S.A. 2A:14-21) ("a person who has a mental disability that prevents the person from understanding his legal rights or commencing a legal action at the time the cause of action … accrues, the person may commence the action … after … having the mental capacity to pursue the person's lawful rights.)) To fall within the statute, "'a plaintiff need not suffer from a mental illness that requires commitment or institutionalization. … Nonetheless, the plaintiff must suffer from 'such a condition of mental derangement as actually prevents the sufferer from understanding his legal rights or instituting legal action.'" Id. at 541 (quoting Todish v. CIGNA Corp., 206 F.3d 303, 305-306 (3d Cir. 2000) (citations omitted)). Expert testimony is not required. Id.

The New Jersey statute of limitations is subject to tolling due to the insanity of the potential plaintiff. Nicolas v. Ocean Plaza Condominium Ass'n, Inc., 73 F. App'x 537, 541 (3d Cir. 2003) (quoting N.J.S.A. 2A:14-21) ("a person who has a mental disability that prevents the person from understanding his legal rights or commencing a legal action at the time the cause of action … accrues, the person may commence the action … after … having the mental capacity to pursue the person's lawful rights.)) To fall within the statute, "'a plaintiff need not suffer from a mental illness that requires commitment or institutionalization … Nonetheless, the plaintiff must suffer from 'such a condition of mental derangement as actually prevents the sufferer from understanding his legal rights or instituting legal action.'" Id. at 541 (quoting Todish v. CIGNA Corp., 206 F.3d 303, 305-306 (3d Cir. 2000) (citations omitted)). Expert testimony is not required. Id.

    B.    The Second Amended Complaint

Plaintiff alleges that each of the defendants, including his arresting officer, officers of the Gloucester Township Police Department, a representative from a mental health crisis agency, and Camden County Correctional Officers and medical personnel, were negligent and deliberately indifferent to his risk of suicide

upon his arrest on July 26, 2011. (See generally Second Am. Compl., ECF No. 16.) Plaintiff attempted suicide in the Camden County Correctional Facility ("CCCF") on July 30, 2011, by diving off the second tier and falling 27 to 30 feet below.[2] He suffered a shattered pelvis, ruptured spleen and broken elbow. He was admitted to Cooper Trauma.

Plaintiff seeks tolling of the two-year statute of limitations, which, for purposes of screening the second amended complaint, accrued upon his suicide attempt on July 30, 2011, and expired July 30, 2013. He relies on the doctrine of *contra non valentum*, which he describes as "administrative or contractual restraints delay the Plaintiffs [sic] action" and "when the Plaintiff does not know nor reasonably should know of the existence of the cause of action." (Second Am. Compl., ECF No. 16 at 11.)

In his second amended complaint, Plaintiff alleges the following facts in support of tolling the statute of limitations. He has a long history of drug addiction and mental illness.

---

[2] Plaintiff attached an October 2011 medical record to the second amended complaint, indicating that Plaintiff's suicide attempt occurred on July 30, 2011. (ECF No. 16-1 at 54.) In assessing whether a complaint states a claim under Rule 12(b)(6), a court may consider exhibits attached to the complaint. Hartig Drug Co. Inc. v. Senju Pharmaceutical Co., Ltd., 836 F.3d 261, 268 (3d Cir. 2016) (quoting Mayer v. Belichick, 605 F.3d 223, 230 (3d Cir. 2010)).

Following his suicide attempt in July 2011, and after his treatment at Cooper Trauma, Plaintiff was admitted to the mental health unit at JFK Hospital in Cherry Hill, New Jersey.[3] From there, he went to Ancora Psychiatric State Hospital. He was discharged in May 2012, under supervised release into the Twin Oaks Behavioral Health Supportive Housing Program.

Plaintiff attempted suicide again in June 2013, and was hospitalized at Our Lady of Lourdes Hospital in Willingboro, New Jersey. He was then admitted to the mental health unit at Virtua Hospital in Mount Holly, and transferred to the psychiatric unit of Hampton Hospital in West Hampton, New Jersey, where he stayed until August 2013. In late August 2013, Plaintiff was transferred to Ancora State Psychiatric Hospital, where he was discharged on conditional supervised release on September 1, 2013. He was readmitted to Trenton Psychiatric Hospital ("TPH") in December 2013.[4]

---

[3] Plaintiff was admitted to the psychiatric unit on October 9, 2011. (Exhibit, ECF No. 16-1 at 53.)

[4] According to a medical record dated January 11, 2014, Plaintiff's recent inpatient treatment history was as follows. (Exhibit, ECF No. 16-1 at 51.) In June 2013, Plaintiff was in Hampton Hospital for two months for treatment of a thought disorder. In September 2013, he was in Ancora Hospital for two months to treat depression and suicidal ideation. In December 2013, he was in TPH for three weeks for depression and suicidal ideation.

During all of this time, Plaintiff alleges he was on medication that altered his mind and his judgment. Plaintiff asserts his mental illness made it impossible to bring the present claim. He further states, "I wasn't even aware of my right to file until I was sent to prison after I was told by a paralegal." (ECF No. 16 at 13.)

Plaintiff was placed in a psychiatric unit in the New Jersey Department of Corrections ("NJDOC") twice since 2014. He has had three surgeries since June 2015. He filed this action on March 4, 2016, although he signed and dated the original complaint on February 25, 2016. (Compl., ECF No. 1.) For purposes of screening the second amended complaint, the Court will assume Plaintiff gave his second amended complaint to prison officials for mailing on February 25, 2016.[5]

Plaintiff attached a number of documents to his second amended complaint. (Exhibit, ECF No. 16-1.)[6] In October 2011, Plaintiff

---

[5] See Houston v. Lack; 487 U.S. 266, 270 (1988) (creating prisoner mailbox rule whereby prisoner's notice of appeal was deemed filed on the date he submitted it to prison officials for mailing to the court); see Burns v. Morton, 134 F.3d 109, 112 (3d Cir. 1998) (noting that the Third Circuit has applied the prisoner mailbox rule outside the context of habeas corpus petitions).

[6] Many of the medical records submitted by Plaintiff post-date his filing of this action and are not pertinent to his tolling argument.

was in the psychiatric unit at Kennedy Health System, Cherry Hill, New Jersey. (Id. at 53-54.) His medications at that time included Abilify, baclofen, Klonopin, Colace, OxyContin, Seroquel, Desyrel, Effexor and Tylenol, Motrin and OxyIR as needed. (Id. at 54.)

Plaintiff also submitted a Berlin Borough Police Investigation Report dated October 14, 2013. (Id. at 44-45.) Plaintiff was stopped for making an improper U-turn. He gave a false name and argued with the officer. The officer "escorted" Plaintiff to the ground and handcuffed him. Plaintiff's wife, who was a passenger, told the officer that Plaintiff was not cooperating because he was trying to commit "suicide by police." Plaintiff's wife admitted that she had Plaintiff's narcotics in her bra. Plaintiff appeared disturbed and under the influence of narcotics.

In a November 11, 2014 Psychological Assessment from Capital Health Regional Medical Center in Trenton, New Jersey, the mental health evaluator reported that Plaintiff had tried to hang himself in jail that day. (Exhibit, ECF No. 16-1 at 51.)

C. Analysis

Plaintiff asserts his claim did not accrue until he knew or reasonably should have known of his cause of action. The New Jersey discovery rule provides that "the accrual of the claim will be

9

postponed until the 'injured party discovers, or by exercise of reasonable diligence and intelligence should have discovered[,] that he may have a basis for an actionable claim.'" Dique, 603 F.3d at 185 (quoting Lopez v. Swyer, 62 N.J. 267, 300 A.2d 563, 565 (1973)). However, federal law governs when the statute of limitations begins to run. Id. (citing Wallace v. Kato, 549 U.S. at 388). The cause of action accrues when the "'wrongful act or omission results in damages.'" Id. (quoting Wallace, 549 U.S. at 391.) Thus, for purposes of screening the second amended complaint, the cause of action accrued when Plaintiff was injured by his suicide attempt on July 30, 2011.

Next, Plaintiff contends the statute of limitations should be tolled due to his mental illness and psychiatric hospitalizations. There is a gap in time from May 2012, when Plaintiff was released from Ancora Psychiatric Hospital, until June 2013, when Plaintiff attempted suicide and was admitted to Our Lady of Lourdes Hospital. During this period, the only information Plaintiff provided is that he was in the Twin Oaks Behavioral Health Supportive Housing Program. For the years 2014 and 2015, Plaintiff alleges only that he was in a psychiatric unit in prison twice, and he had three surgeries in 2015.

Plaintiff's tolling argument is that his diagnosed mental illness and the medications he was taking show that he lacked the mental capacity to timely bring his claims. However, the record does not indicate what Plaintiff's diagnosis was or which medications he was taking for the above-mentioned periods of time in which Plaintiff could have filed this cause of action. This is Plaintiff's second attempt to establish equitable tolling of the statute of limitations. Plaintiff has not shown that his mental incompetence prevented him from understanding his legal rights or instituting a legal action before February 25, 2016.

Finally, Plaintiff states he was not aware of his right to bring this claim until a prison paralegal advised him of such. (Second Am. Compl., ECF No. 16 at 13.) According to the New Jersey Department of Corrections Inmate Locator,[7] Plaintiff was sentenced and entered Northern State Prison on September 12, 2014. This cuts against Plaintiff's argument that he did not bring his claim sooner due to his mental impairment, and suggests instead that it was his ignorance of the law that prevented him from timely filing. "[I]gnorance of [a plaintiff's] legal rights does not toll the statute of limitations." Freeman v. State Superior Court of New

---

[7] Available at https://www20.state.nj.us/DOC_Inmate/inmatefinder?i=I

Jersey, 347 N.J.Super. 11 (App. Div. 2002). When a plaintiff knows he has been harmed, he can "protect himself by seeking advice." Id. (quoting United States v. Kubrick, 444 U.S. 111, 123 (1979)).

III. CONCLUSION

The Court will dismiss the second amended complaint without prejudice. Plaintiff will have one last opportunity to establish a basis for equitable tolling of the statute of limitations. In a Third Amended Complaint to be submitted to this Court within 30 days, Plaintiff shall describe his mental health treatment, including his diagnoses and the medications he was prescribed for the period of June 2012 through May 2013, and the years 2014 and 2015, in support of his claim for equitable tolling of the statute of limitations.

If Plaintiff needs to obtain medical records to provide this information, he shall, within 30 days, submit a writing to this Court describing what he has done to obtain the records he needs. If Plaintiff is not diligent in providing this information to the Court, the action will be dismissed with prejudice as barred by the statute of limitations.

Dated: February 2, 2018

                                    s/Renée Marie Bumb
                                    **RENÉE MARIE BUMB**

                                                        **UNITED STATES DISTRICT JUDGE**